UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA

      v.

SCOTT MANGINI,
                      Defendant.

20-CR-162-2 (JPO)

ORDER

―――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Defendant Scott Mangini is charged in a superseding indictment (S3) with participating in two conspiracies to deliver misbranded and adulterated drugs, including performance-enhancing drugs intended for racehorses. (Dkt. No. 64.) The jury trial as to this Defendant is scheduled to begin on May 11, 2021.

      Mangini has filed a motion to suppress evidence (Dkt. No. 46) and a motion for a bill of particulars (Dkt. No. 50). The Court heard oral argument on these motions on March 8, 2021.

**I.    Motion to Suppress**

      Mangini moves to suppress evidence gathered from his cellphone, an iPhone 10, on the ground that it was unlawfully seized from his residence at the time of his arrest. It is unnecessary to detail the circumstances of the phone's seizure, however, because the Government defends the legality of its search of the phone solely on the ground that Mangini, through his counsel, later consented to a search of the phone. The only question, then, is whether Mangini consented. The Court concludes that he did not.

      Voluntary consent waives a person's right to be free from unreasonable searches and seizures. *United States v. Elliott*, 50 F.3d 180, 185 (2d Cir. 1995). To be voluntary, the consent must be obtained without coercion. *United States v. Garcia*, 56 F.3d 418, 422 (2d Cir. 1995). The Government has the burden of demonstrating by a preponderance of the evidence that there

was consent and that it was voluntarily given. *United States v. Snype*, 441 F.3d 119, 130-31 (2d Cir. 2006).

Mangini was arrested, and his phone was seized, on March 9, 2020. On April 6, 2020, the Government sought and obtained a search warrant for the contents of the phone. Because the phone was passcode-protected, agents were unable to access the contents of the phone. About a week later, during discussions between the AUSA and defense counsel, the AUSA asked defense counsel if he would provide the passcode to Mangini's seized phone. The AUSA renewed that request by email on April 24, 2020. Four days later, defense counsel provided the passcode and also requested that certain precautions be taken with respect to personal information on the phone.

Under the totality of circumstances, the Court finds that defense counsel did not consent to a search of the phone, nor did he reasonably understand that providing the phone passcode would constitute consent to a search of the phone. First, neither Mangini nor his counsel provided any written consent to search the phone, nor do the email communications between counsel reveal any discussion of consent. Second, it is significant that a search warrant for the phone had been signed on April 6. It was therefore quite reasonable for defense counsel to understand the AUSA's request for the passcode to be merely a means of avoiding delay by overcoming the logistical hurdle of decryption. And in providing the passcode, defense counsel reasonably understood himself to be merely addressing that logistical hurdle rather than consenting to a search of the phone. Finally, the Court is not persuaded that any other circumstances — such as the context of the parties' discussions, defense counsel's request regarding personal information on the phone, or the manner in which the phone's information was later produced — support a finding of consent here in light of all the circumstances.

Because the Defendant did not consent to search his phone, the motion to suppress evidence gathered from the phone is granted.

## II. Motion for Bill of Particulars

Mangini also moves for a bill of particulars, arguing that the indictment lacks sufficient detail about which products were performance-enhancing drugs (PEDs) intended to dope racehorses and how they were part of an illegal conspiracy.

Pursuant to Federal Rule of Criminal Procedure 7(f), an accused has the right to seek "a bill of particulars in order to identify with sufficient particularity the nature of the charge[s] pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). A bill of particulars is not necessary where the Government makes sufficient disclosures concerning its evidence and witnesses by other means, such as through a detailed indictment and discovery. *See, e.g., United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004).

Mangini points out that his websites and businesses sold numerous drug products for horses and other animals and that many of those products had lawful uses, or at least that they were not categorically illegal under horse-racing rules. It is only fair, he contends, that the Government specify which drugs were part of a conspiracy to defraud.

The Government responds that "every drug that was distributed by Mr. Mangini and his co-conspirators" was adulterated and misbranded and therefore illegal. (Tr. 26.) The Government further argues it will establish the conspirators' intent to defraud and mislead in

3

various ways, including through their advertising materials, false prescription records, and devious shipping practices.  Even the supposedly innocent examples provided by Mangini, the Government maintains, are part of the illegal scheme.

As became clear at oral argument, the parties' dispute boils down to a dispute about what the Government will be able to prove — and must prove — to establish felony liability under the statute.  The parties will have ample opportunity to address those questions in arguing to the jury, as well as in connection with proposed jury instructions and potentially a motion for judgment of acquittal.  But the breadth of the Government's theory in this case does not warrant a bill of particulars.  The Defendant has been placed on sufficient notice of the charges against him, including through the detailed superseding indictment, Rule 16 discovery, and communications with the Government, including its submissions in response to this motion.  And the Government will be providing its exhibits and Section 3500 material to the defense by May 3.  The Court concludes that a bill of particulars is not warranted.

**III.   Conclusion**

For the foregoing reasons, it is hereby ordered that (1) Mangini's motion to suppress is granted, and (2) Mangini's motion for a bill of particulars is denied.

The Clerk of Court is directed to terminate the motions at Docket Numbers 46 and 50.

SO ORDERED.

Dated: April 6, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge